IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN GARNER, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | NO. 16-894 |
| v. | : | |
| | : | |
| THOMAS MCGINLEY et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 28th day of June, 2016, upon consideration of the Report and Recommendation of the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, dated May 20, 2016, (Dkt No. 9), and Petitioner's Objections, (Dkt No. 10), it is hereby ORDERED that:

1. Petitioner's Objections are OVERRULED;[i]
2. The Report and Recommendation is APPROVED and ADOPTED;
3. The Petition for Writ of Habeas Corpus is DISMISSED without an evidentiary hearing;
4. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. DARNELL JONES II,    J.

---

[i] Melvin Garner ("Petitioner") seeks habeas relief based on claims that the Pennsylvania Board of Probation and Parole ("PBPP") illegally extended his maximum term of incarceration after he violated his parole. On August 21, 2008, in Case Number CP-2541-2008, the Court of Common Pleas of Philadelphia County sentenced Petitioner to an aggregate of two and one-half years to seven years of imprisonment. On September 2, 2008, in Case Number MC-417-2008, Petitioner was sentenced to a consecutive thirty-day sentence. The Pennsylvania Department of Corrections calculated Petitioner's maximum sentence date as September 20, 2015. On June 16, 2011, the PBPP released Petitioner on parole. On April 12, 2013, Petitioner was arrested based on new firearms charges. On October 15, 2014, Petitioner was

1

convicted of these new charges. On December 31, 2014, Petitioner waived his right to a parole revocation hearing and admitted that he had committed the new offenses. On February 6, 2015, the PBPP recommitted Petitioner and sentenced him to serve the balance of his original criminal sentence. Thus, for the parole violation, the PBPP determined that Petitioner was to be imprisoned until the maximum date of October 28, 2017. Petitioner now claims that the PBPP acted outside of its authority and violated his due process rights. In her Report and Recommendation ("R&R") to this Court, the Magistrate Court recommended that Petitioner's claims be dismissed for procedurally default. (R&R at 7.)

   Petitioner lodges one overarching objection that the Court's failure to address his claims on the merits constitute a "fundamental miscarriage of justice" because the PBPP, rather than an "Article Five court," incarcerating him for a parole violation beyond his original sentence. As Petitioner explains, "[t]he failure to consider this issue allows a State Agency i.e. PBPP to extend a judicially imposed sentence beyond its maximum date without statutory authorization, if follows that Petitioner has been denied due process of law." (Objs. at 2-3.) Petitioner argues that this incarceration is "fundamentally unjust" because the PBPP extended his maximum date from the original sentence (September 20, 2015) to the maximum date of the revocation sentence (October 28, 2017). (Objs. at 3.)

   Petitioner's argument fails for two reasons: (1) Petitioner is incorrect about the authority of the PBPP; and (2) the miscarriage of justice exception does not apply to this type of argument. First, Petitioner mistakes maximum *date* for maximum *term*. The PBPP does not have the independent authority to extend the maximum *term*. *See, e.g.*, *Nickson v. Pa. Bd. of Probation & Parole*, 880 A.2d 21, 24 (Pa. Commw. Ct. 2005) ("It is the Department of Corrections that is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction...This right and responsibility is exclusive to the Department of Corrections.") (internal citations omitted).

   In contrast, the PBPP does have the independent authority to extend the maximum *date*, in the context of granting parole (thus, stopping the clock on Petitioner's maximum term) and subsequently revoking parol (thus, restarting the clock on Petitioner's maximum term). Under Pennsylvania law, the PBPP has the "exclusive power" "to parole and reparole, commit and recommit for violations of parole..." 61 Pa.C.S. § 6132(A)(1)(I). Pursuant to Pennsylvania law,

> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury...may at the discretion of the board be recommitted as a parole violator...If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the terms which the parolee would have been compelled to serve had the parolee not been granted and *shall be given no credit for time at liberty on parole*.

61 Pa.C.S. § 6138(a)(2) (emphasis added). Thus, "[w]hen computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiration date." *Miller v. Pa. Bd. of Probation & Parole*, 2012 WL 2736873, at *4 (M.D. Pa. 2010) (citing *Palmer v. Pa. Bd. of Probation & Parole*, 704 A.2d 195 (Pa. Cmwelth. 1997)). Any time a parolee is granted parole, and, then, violates his or her parole in the manner Petitioner did here, the maximum date related to the violation of parole is necessarily going to be later than the original maximum date.

   Simply put, the PBPP has not added any additional time to Petitioner's maximum term. The maximum date is later because Petitioner was granted parole and then violated his parole. The PBPP changed the maximum date without extending the maximum term. The PBPP acted according to its statutory authority in doing so. Petitioner's objection is overruled.

   Second, the "miscarriage of justice" exception only applies in the extraordinary case where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner does not contend that he is actually innocent of the

2

---

violation of his parole, nor of the crime charged in the original conviction. The miscarriage of justice exception does not apply. *See, e.g.*, *Johnson v. Varano*, 2010 WL 480672, at *7 (M.D. Pa. 2010) ("[P]etitioner simply challenges the manner in which the Board calculated his parole violation maximum sentence after he was recommitted as a parole violator. Such a claim simply does not amount to the type of profound, compelling miscarriage of justice which would excuse a petitioner's procedural defaults.").

Given that this was Petitioner's only objection, the Court reviews the remainder of the Magistrate Court's R&R for clear error. Finding none, the Court adopts and affirms the R&R.